UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DERRICK JUSTIN CHOATE, | |
| Plaintiff, | Case No. 2:16-cv-00037 |
| v. | Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |
| JAMIE EMERTON and AUSTIN AHRENS, | |
| Defendants. | |

To:   The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

By order entered June 10, 2016, the Court referred this action to the Magistrate Judge under 28 U.S.C. § 636(b)(1) to dispose or recommend disposition of any pre-trial motions. (Doc. No. 3, PageID# 12.) This case has been pending on the Court's docket with no action taken by Plaintiff Derrick Justin Choate since he filed his motion to proceed in forma pauperis on June 6, 2016. (Doc. No. 2.) No defendant has been served and Choate failed to respond to the Court's order to show cause why this action should not be dismissed for failure to prosecute. (Doc. No. 6.) Accordingly, the Magistrate Judge RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) and Local Rule 41.01.

I. **Factual and Procedural Background**

Choate filed this lawsuit against Defendants Jamie Emerton and Austin Ahrens under 42 U.S.C. § 1983 on June 6, 2016, while he was a pretrial detainee at the Putnam County Sheriff's Department. (Doc. No. 1, PageID# 1–2.) Choate claims that, on April 23, 2016, he "was assaulted while in handcuffs by Correctional Officer Jamie Emerton and Correctional Officer Austin

Ahrens." (*Id.* at PageID# 5.) Choate states that his head was "smashed into the wall of [his] cell," that he "was slammed on the floor . . . after being throw[n] down," that he was "told to stop resisting when [he] wasn't resisting at all," and that "[Emerton] twisted [Choate's] thumb on [his] right hand until [Choate] believe[d] it to be broke[n]." (*Id.*) Choate's states that his body was then "used forcefully to open both doors of the pod" as Emerton and Ahrens walked Choate out of it. (*Id.*) The assault left bruises on Choate's arms, hand, back, and head. (*Id.*) Although Choate sought medical attention, including an X-ray for his hand, he "was not seen by medical for over a week." (*Id.*) When he was finally seen, his request for an X-ray was denied, and Emerton warned Choate that "[his] time would be made extremely hard if [he] didn't keep quiet about [the] incident." (*Id.*) Choate seeks $15,000 from each defendant and wants them "to resign from their positions at the Putnam County Sheriff's Department . . . ." (*Id.* at PageID# 6.)

On June 10, 2016, the Court granted Choate's application to proceed in forma pauperis and directed the Clerk's Office to send Choate service packets for the defendants. (Doc. No. 3, PageID# 10–11.) The Court ordered Choate to complete the service packets within twenty-one days and warned him that "failure to return the completed service packets within the time required could jeopardize his prosecution of this action." (*Id.* at PageID# 11.) Choate was also warned that he would also risk dismissal of his action if he failed "to keep the Clerk's Office informed of his current address." (*Id.* at PageID# 11–12.)

Because Choate had not returned completed service packets or taken any other action since he filed his application to proceed in forma pauperis, the Court ordered him on October 20, 2017, to show cause why his lawsuit should not be dismissed for failure to prosecute. (Doc. No. 6, PageID# 17.) Choate was warned that "[a]ny failure to respond may be construed as [his] agreement that he has failed to prosecute this action and may result in the recommendation that

the case be dismissed with prejudice." (*Id.*) Although that order was sent to the address that Choate had provided to the Court (Doc. No. 1, PageID# 1), and to which the Court had successfully mailed its prior order (Doc. No. 5), the show-cause order was returned as undeliverable on November 1, 2017 (Doc. No. 7). Choate has not responded to the show-cause order, notified the Court of a new mailing address, or filed anything since June 2016.

## II.     Legal Standard

Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Courts also retain the inherent power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal") (citing *Link*, 370 U.S. 626). Consistent with *Link*, this Court's Local Rule 41.01 requires sua sponte dismissal for failure to prosecute of "a civil action that has been on the docket for six (6) months without any responsive pleading or other court proceedings taken therein . . . but the dismissal shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01 (dismissal of inactive cases).

In determining whether dismissal under Rule 41(b) is appropriate, the Court considers four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions.

3

*Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2011)). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). The Sixth Circuit has cautioned that dismissal with prejudice is a "harsh sanction" that should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161. Dismissal without prejudice is "a comparatively lenient sanction" for which the "controlling standards should be greatly relaxed because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R. Inc.*, 110 F. App'x 552, 556 n.4 (6th Cir. 2004).

### III.   Analysis

This action should be dismissed for failure to prosecute under Rule 41(b) and Local Rule 41.01. Although there is no evidence that Choate's failure to prosecute his lawsuit was motivated by bad faith, he is "at fault for failing to comply with the Court's Orders." *Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (M.D. Mich. Feb. 8, 2017). Despite the Court's instruction to complete service packets for Emerton and Ahrens, Choate never did so. He then failed to respond to the October 20, 2017 show cause order. (Doc. Nos. 3, 6.) That order warned Choate that a failure to respond could lead to dismissal of his lawsuit. (Doc. No. 6.) Choate has not only ignored the Court's orders, he has not filed anything since June 6, 2016, which the Court must construe as a loss of interest in this lawsuit.

The less-drastic sanction of dismissal without prejudice is available, and it is appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *Mulbah*, 261 F.3d at 591. Such a sanction is particularly appropriate in

4

cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal"). This Court's Local Rule strikes the same balance, providing that dismissal of inactive cases "shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. Rule 41.01. Dismissal without prejudice best addresses the interests of this litigation.

**IV.     Recommendation**

In light of the lack of any activity in this case since June 2016 and Choate's failure to respond to the Court's orders, the Magistrate Judge RECOMMENDS that this lawsuit be DISMISSED WITHOUT PREJUDICE under Federal Rule 41(b) and Local Rule 41.01.

Any party has fourteen days after being served with this report and recommendation in which to file any written objections to it. A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of further appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

ENTERED this 2nd day of August, 2018.

ALISTAIR E. NEWBERN
United States Magistrate Judge

5